J-S35035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| R.C. BOWMAN, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD C. BOWMAN, III | : | |
| | : | |
| Appellant | : | No. 417 MDA 2021 |

Appeal from the Order Entered March 2, 2021
In the Court of Common Pleas of Clinton County Civil Division at No(s):
1690-2019

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

CONCURRING AND DISSENTING STATEMENT BY KUNSELMAN, J.:

**FILED: JANUARY 14, 2022**

The Majority addresses the three issues Bowman III raises in this appeal in Part II of its memorandum. I join the decision in Parts II A, B and D. I concur in the result of Part II C, and I dissent in part from Part II E.

Regarding Part II C, although the order was silent regarding the condition the property should be in upon return, I do not believe the court needed to include this qualifier in its order; it goes without saying that the property must be returned in substantially the same condition it was taken. I disagree with the Majority's conclusion otherwise. Nonetheless, I agree with the Majority's conclusion that Rob Bowman waived this issue and that he failed

_____

[*] Retired Senior Judge assigned to the Superior Court.

to establish the alleged damage to the property occurred while it was in Bowman III's possession. Thus, I concur in the result on this issue.

Regarding Part II E, I would find that trial court did not abuse its discretion in awarding damages of $385.00 for the costs of the locksmith and duplicate title to the vehicle. To fully comply with the court's order to return the safe and the vehicle, Bowman III should have provided the combination to the safe and the title to the vehicle. Without the combination, the safe was unusable. Without the title, the recipient, Rob Bowman, could not prove or transfer ownership of the vehicle. Bowman's failure to include these things when he returned the items was contemptuous, and the trial court had discretion to award costs as sanctions. Therefore, I would affirm the trial court on that portion of its contempt order.